UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

COACH, INC., a Maryland corporation,
and COACH SERVICES, INC.,
a Maryland corporation,

    Plaintiffs,
v.

IWIRELESSWASHINGTON, LLC a limited,
liability company d/b/a I WIRELESS 2, and
AMAR CHAAL, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc., (hereinafter collectively referred to as "Coach") hereby sue Iwirelesswashington, LLC d/b/a/ I Wireless 2 and Amar Chaal (hereinafter collectively referred to as the "Defendants"), and allege as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act and U.S. Copyright Act. This Court has supplemental jurisdiction over Coach's state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal place of business, and continue to infringe Coach's famous trademarks and copyrights, in this Judicial District.

## PARTIES

3. Plaintiff Coach, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

4. Plaintiff Coach Services, Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly-owned subsidiary of Coach, Inc.

5. Defendant Iwirelesswashington, LLC. ("Iwirelesswashington") is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Miami Beach, Florida. Defendant Iwirelesswashington uses the fictitious name "I Wireless 2" as an alias in the operation of its business. As alleged herein, Defendant Iwirelesswashington is directly engaging in the promotion and sale of counterfeit and infringing products within this Judicial District.

6. Defendant Amar Chaal a resident of Miami-Dade County, Florida and the principal owner, officer, director and manager of Iwirelesswashington and, as such, is the moving force behind the infringing activities described herein.

## FACTUAL ALLEGATIONS

A.  **The World Famous Coach Brand and Products**

7. Coach was founded seventy years ago as a family-run workshop in Manhattan, New York. Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States, including Florida.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida  33131-1811   305.373.9400

8. Coach has used a variety of legally-protected trademarks and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively the "Coach Marks").

9. Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently reaching nearly four billion dollars ($4,000,000,000).

**B.     The Coach Trademarks**

10. Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"), among others:

| **Registration No.** | **Mark** | **Classes** | **Date of Registration** | **Image** |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |

11. Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Marks. These registrations are valid and subsisting and the majority are incontestable.[1]

12. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

13. The registration of the marks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

14. The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

15. The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

**C.     The Coach Copyrights**

16.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws. These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. § 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

17.     Amongst others, Coach has valid copyrights registered with the Copyright Office for its Design Elements, including the Coach Heritage logo with registration number VA1-714-051 and the Coach Op Art Design with registration number VA1-694-574.

18.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

**D.     Defendant's Infringing Conduct**

19.     On February 11, 2013, Coach's investigator visited Iwirelesswashington, a cellular phone and accessories store located at 1629 Washington Avenue, Miami Beach, Florida 33139.  During that visit, Coach's investigator discovered that Defendants were distributing, advertising, publicly displaying, offering for sale, and/or selling approximately numerous items bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Coach Trademarks, Copyrights, and the Coach Design Elements (hereinafter referred to as the "Counterfeit Products").

20.     Coach's investigator purchased a counterfeit Coach cellular phone cover bearing Coach Marks for $20.00.  A photograph of the counterfeit phone cover is depicted below:

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400



21.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, publicly displaying, selling, and/or offering for sale of the Counterfeit Product.

22.     The forgoing acts of Defendant Iwirelesswashington constitutes direct trademark and copyright infringement in violation of federal law.

23.     The foregoing acts of Defendant Iwirelesswashington are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Coach products offered for sale and sold by Iwirelesswashington are authentic or authorized products of Coach.

24.     The activities of Iwirelesswashington, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Coach products and Coach.

25.     Defendants are well aware of the extraordinary fame and strength of the Coach brand, the Coach Trademarks and Copyrights and the incalculable goodwill associated therewith.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

26. Defendant Amar Chaal has materially contributed to and facilitated the above-described infringement of the Coach trademarks and copyrights by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Coach items by Iwirelesswashington notwithstanding (i) Defendant's knowledge of the offering for sale and the sale of the infringing item, (ii) Defendant's constructive knowledge of the offering for sale and the sale of the infringing item or, alternatively, (iii) Defendant's willful blindness to the offering for sale and the sale of the infringing item.

27. Defendant Amar Chaal had and continues to have the right and ability to supervise the infringing conduct of Iwirelesswashington, and has a direct financial interest in the infringing conduct; however, he continues to act with reckless disregard or willful blindness, effectively condoning Iwirelesswashington's unlawful activities.

28. Defendant Amar Chaal is contributorily and vicariously liable for these infringing activities.

29. Defendants' knowing and deliberate hijacking of Coach's famous Marks, and sale of their Counterfeit Product has caused, and continues to cause, substantial and irreparable harm to Coach's goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the Counterfeit Product was cheap, inexpensive and inferior in quality to those authentic to Coach.

30. The harm being caused to Coach is irreparable and Coach does not have an adequate remedy at law. Coach therefore seeks the entry of an injunction preventing the sale of counterfeit Coach products by Iwirelesswashington.  Coach also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Coach's trademarks.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

**COUNT I**
**Direct Trademark Infringement**
**Iwirelesswashington**
**(15 U.S.C. § 1114)**

31.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

32.     Defendant Iwirelesswashington, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

33.     The foregoing acts of Iwirelesswashington are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Coach products offered for sale and sold by Iwirelesswashington are genuine or authorized products of Coach.

34.     Iwirelesswashington's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Coach products and Coach.

35.     Iwirelesswashington has infringed Coach's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**COUNT II**
**Contributory Trademark Infringement**
**Amar Chaal**
**(15 U.S.C. § 1114)**

36.     Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

37.     Amar Chaal supplied the means for Iwirelesswashington to engage in the illegal activity described herein, and, with knowledge of such activities, deliberately or recklessly

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida   33131-1811   305.373.9400

willfully blinded himself to this criminal conduct, deciding instead to profit from the revenues it produced.

38. Amar Chaal contributorily infringed Coach's trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT VI
### Direct Copyright Infringement
### Iwirelesswashington
**(17 U.S.C. § 101 *et seq*.)**

39. Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

40. Iwirelesswashington intentionally infringed Coach's copyrights in the Op Art and Heritago Logo Designs, and other Design Elements present on Coach products by selling and distributing counterfeit Coach products that are substantially similar to those copyrighted designs.

41. As a result, Iwirelesswashington is liable under 17 U.S.C. § 101 *et seq.*

## COUNT VII
### Contributory Copyright Infringement
### Amar Chaal
**(17 U.S.C. § 101 *et seq*.)**

42. Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

43. Iwirelesswashington intentionally infringed Coach's copyrights in the Op Art and Heritago Logo Designs and other Design Elements present on Coach products by selling and distributing counterfeit Coach products that are substantially similar to those copyrighted designs.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

44. Amar Chaal supplied the means for Iwirelesswashington to engage in the illegal activity described herein, and, with knowledge of such activities, deliberately or recklessly willfully blinded himself to this criminal conduct, deciding instead to profit from the revenues it produced.

45. As a result, Amar Chaal is liable under 17 U.S.C. § 101 *et. seq.*

## COUNT VIII
### Vicarious Copyright Infringement
### Amar Chaal
### (17 U.S.C. § 101 *et seq*.)

46. Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

47. Iwirelesswashington intentionally infringed Coach's copyrights in the Op Art and Heritago Logo Designs and other Design Elements present on Coach products by selling and distributing counterfeit Coach products that are substantially similar to those copyrighted designs.

48. Amar Chaal had and continues to have the right and ability to supervise and control the infringing activities of Iwirelesswashington.

49. Amar Chaal also has a direct financial interest in such activities because he receives profits from Iwirelesswashington, including profits from selling fake Coach products.

50. Amar Chaal is vicariously liable for the infringing activities.

## COUNT IX
### Deceptive and Unfair Trade Practices
**(Fla. Stat. § 501.201)**

51. Coach repeats and re-alleges the allegations set forth in Paragraphs 1 through 30 above.

52. Defendants' actions described herein are calculated to deceive and actually do deceive the public into mistakenly believing that Defendants are affiliated, connected or associated with Coach and that Iwirelesswashington and its owners, managers, officers and directors' goods originate with and/or are sponsored or approved by Coach.

53. As such, Defendants have intentionally engaged and continue to engage in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute § 501.201.

54. As a direct and proximate result of Defendants' unfair, unconscionable and deceptive acts or practices, Coach has suffered and will continue to suffer damages and irreparable injury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Coach, Inc. and Coach Services, Inc., respectfully request that this Court enter judgment in their favor and against Defendants Iwirelesswashington and Amar Chaal, jointly and severally, on all counts pled herein, as follows:

A. Awarding Coach statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

B. Awarding Coach statutory damages as a result of the copyright infringement pursuant to Section 504 of the Copyright Act (17 U.S.C. § 504);

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida  33131-1811   305.373.9400

C.     Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants;

D.     Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated the Copyright Act of 1976 (17 U.S.C. § 501); and (iii) Defendants have committed unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201.

E.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the counterfeit Coach products , and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks and/or the Coach Design Elements;

2.     engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or

3.     engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

F. Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants or their vendors, has been authorized by Coach, or is related in any way with Coach and/or its products;

H. Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated: May 10, 2013

Respectfully submitted,

_____
David B. Rosemberg, P.L. (0582239)
drosemberg@broadandcassel.com
BROAD AND CASSEL
2 South Biscayne Boulevard, 21st Floor
Miami, Florida 33131
Telephone: 305.373.9400
Facsimile: 305.373.9443
*Attorneys for Plaintiffs Coach, Inc. and Coach Services, Inc.*